IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSEPH TOMI,<br><br>Plaintiff,<br>v.<br><br>PROFESSIONAL SERVICES INDUSTRIES,<br><br>Defendant. | **MEMORANDUM DECISION DENYING REQUEST FOR COUNSEL AND INTERPRETER**<br><br>Case No. 2:25-cv-00923-AMA-CMR<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

This matter is presently before the Court on review of Plaintiff's Response[1] to the Court's orders to show cause.[2] The Court construes the Response as a motion to appoint counsel and perhaps an interpreter. The Court will deny both requests for the reasons set forth below. Finally, the Court will give Plaintiff a final opportunity to appear or appoint counsel.

Plaintiff states he "would appreciate it if [the Court] could appoint a court-appointed lawyer for [Plaintiff]."[3] While defendants in criminal cases have a constitutional right to representation by an attorney, *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44, "[t]here is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). The Court has discretion to appoint counsel in cases where a plaintiff is indigent. *See Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). Yet Plaintiff, who was previously represented by counsel, has not indicated he is indigent, nor has he addressed the discretionary factors applicable to appointment of counsel in cases of indigency. *See, e.g.*, *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (listing factors applicable to such requests,

---

[1] ECF No. 18.

[2] ECF Nos. 14, 17.

[3] ECF No. 18.

including the merits, nature of the factual issues, the litigant's ability to present their claims, and the complexity of the legal issues raised by the claims). Based on Plaintiff's failure to justify his request, the Court denies Plaintiff's request for appointment of counsel.

Next, Plaintiff asserts he "require[s], if possible, the services of an English French interpreter."[4] It is unclear whether Plaintiff is simply noting that an interpreter may participate or requesting the Court arrange for and pay an interpreter. The Court routinely works with interpreters and Plaintiff's participation through an interpreter presents no special challenge. On the other hand, to the extent Plaintiff requests the Court arrange and pay for an interpreter, the request is denied.

As a matter of court policy,[5] interpreter services must ordinarily be arranged for and paid by the parties to a civil action, unless the action was instituted by the United States or some other exception applies. "Interpreter services needed to assist parties in civil proceedings not instituted by the United States, both in-court and out-of-court, are the responsibility of the parties to the action, except as noted above in § 210 through § 255." 5 Guide to Judiciary Policy § 260. This action was initiated by Plaintiff, a private citizen, not the United States. No other exception has been referenced, nor does any appear applicable based on the Court's own review of the policy.

Additionally, the Court notes that other district courts within the Tenth Circuit have concluded that the law does not require courts to provide interpreters to litigants in matters not initiated by the United States or otherwise subject to an exception to the ordinary policy. *See, e.g.*, *Arizon v. Ford Cnty. Jail*, No. 24-3146-JWL, 2025 WL 458020, at *3 (D. Kan. Feb. 11,

---

[4] ECF No. 18.

[5] Congress requires the Director of the Administrative Office of the Court to draft policy related to interpreters. *See* 28 U.S.C. § 1827(b)(1).

2025) ("Because this is a case brought by Plaintiff and not an action filed by the United States, Plaintiff has no right to a court-provided interpreter or translation services."); *Ronquillo v. Moore*, No. 1:25-CV-00608-SKC-SBP, 2025 WL 4749626, at *1 (D. Colo. June 16, 2025) ("There is no federal rule or statute requiring a court to appoint an interpreter for a pro se litigant in a civil case not brought by the United States."). Based on the foregoing, to the extent Plaintiff requests the Court arrange for and pay an interpreter for proceedings in this case, the request is denied. Nonetheless, the Court is not aware of any prohibition on Plaintiff utilizing a qualified interpreter that he arranges for and compensates.

Finally, the Court has twice ordered Mr. Tomi to file either a Notice of Appearance or a Notice of Substitution of Counsel.[6] To date, Plaintiff has not filed either document. Although the Court endeavors to be lenient when counsel withdraws, this delay cannot continue. Defendant is entitled to move this case forward toward a conclusion. Accordingly, Mr. Tomi must file a Notice of Appearance or a Notice of Substitution of Counsel. If Mr. Tomi elects to move forward without an attorney, he must comply with all Court rules and deadlines.

**ORDER**

Based on the foregoing, Plaintiff's requests for counsel and an interpreter are DENIED.

IT IS FURTHER ORDERED that Plaintiff file a Notice of Appearance or a Notice of Substitution of Counsel no later than November 20, 2026. Failure to strictly comply with this deadline may result in dismissal of this case.

DATED this 10th day of November 2026.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge

---

[6] ECF Nos. 14, 17.